THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| AVVO, INC., a Washington corporation, and MARK BRITTON, an individual, | Case No.: CV08-1597 MJP |
|---|---|
| Plaintiffs, | ANSWER AND AFFIRMATIVE DEFENSES |
| v. | |
| WESTCHESTER FIRE INSURANCE COMPANY, a New York Corporation, | |
| Defendant. | |

Westchester Fire Insurance Company ("Westchester"), as and for its answer and affirmative defenses to the complaint, alleges as follows:

**I. PARTIES**

1. Admitted.

2. Westchester lacks information and knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the same.

3. Westchester admits it issued Policy No. BMI20043707 for the policy term June 4, 2007 to June 4, 2008 that contained coverages subject to the terms, conditions, limits, exclusions, and limitations contained therein ("Westchester policy"). Westchester admits it is an insurer authorized by the Insurance Commissioner of the State of Washington to sell insurance policies in Washington. Westchester admits it is a subsidiary of ACE USA.

ANSWER AND AFFIRMATIVE DEFENSES - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

Dockets.Justia.com

Westchester lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph that Browne & Browne served as a broker for the sale of the Westchester policy. Westchester denies the remaining allegations in this paragraph.

## II. JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

## III. SUBSTANTIVE ALLEGATIONS

6. Westchester admits it issued the Westchester policy for the policy term June 4, 2007 to June 4, 2008 that contained coverages subject to the terms, conditions, limits, exclusions, and limitations contained therein ("Westchester policy"). Westchester admits the Westchester policy provided certain coverages to Avvo and to its directors and officers that were subject to the terms, conditions, limits, exclusions, and limitations contained therein.

7. Denied.

8. Denied.

9. Westchester lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph and, therefore, denies same. Westchester denies the second sentence of this paragraph on the ground that the complaint in the *Browne v. Avvo* suit speaks for itself.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

## IV. FIRST CAUSE OF ACTION
### (Breach of Insurance Contract – Denial of Coverage)

16. Westchester repeats and realleges its responses to the allegations in paragraphs 1-15 of the complaint as though fully stated herein.

17. Westchester admits the Westchester policy was a valid and enforceable insurance contract that provided certain coverages subject to the terms, conditions, limits, exclusions, and limitations contained therein.

18. Denied.

19. Denied.

20. Denied.

## V. SECOND CAUSE OF ACTION
### (Bad Faith)

21. Westchester repeats and realleges its responses to the allegations in paragraphs 1-20 of the complaint as though fully stated herein.

22. Denied.

23. Denied.

24. Denied.

## VI. THIRD CAUSE OF ACTION
### (Violation of Washington Consumer Protection Act)

25. Westchester repeats and realleges its responses to the allegations in paragraphs 1-24 of the complaint as though fully stated herein.

26. Denied.

27. Denied.

28. Denied.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

## VII. FOURTH CAUSE OF ACTION
(Violation of Washington Insurance Fair Conduct Act)

29. Westchester repeats and realleges its responses to the allegations in paragraphs 1-28 of the complaint as though fully stated herein.

30. Denied.

31. Denied.

32. Denied.

## VIII. PRAYER FOR RELIEF

Westchester denies that Avvo is entitled to any of the relief it seeks.

## IX. AFFIRMATIVE DEFENSES

Westchester, as and for its affirmative defenses to the allegations and claims in the complaint, alleges as follows:

1. Plaintiffs breached the Westchester policy by not tendering defense of the *Browne* suit in a timely manner. As a result of the breach and resulting prejudice to Westchester, Westchester is not liable under the policy or Washington law for the fees, costs, and expenses and other damages sought by plaintiffs in this lawsuit.

2. In addition to failing to timely tender defense of the *Browne* suit to Westchester, plaintiffs failed to keep Westchester apprised of the status of the suit and their strategy for defending the *Browne* suit, including the costs of that strategy. In so doing, plaintiffs breached the cooperation clause of the Westchester policy, resulting in prejudice to Westchester. As a result of the breach, Westchester is not liable under the policy or Washington law for the fees, costs, and expenses and other damages sought by plaintiffs in this lawsuit.

3. Plaintiffs retained the law firm of Davis, Wright & Tremaine to defend the *Browne* suit without Westchester's consent. Davis, Wright & Tremaine incurred approximately $134,000 in fees, costs, and expenses defending the suit without Westchester's consent. Westchester is not liable for the fees, costs, and expenses and other damages sought

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

by plaintiffs in this lawsuit pursuant to the Settlement and Defense provision in the Westchester policy, which states in relevant part:

> 3. The Insureds agree not to . . . incur any Costs, Charges and Expenses . . . without the prior written consent of the Insurer, such consent not to be unreasonably withheld. The Insurer shall not be liable for any . . . Costs, Charges and Expenses . . . to which it has not consented.

4. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and laches.

5. Plaintiffs have failed to mitigate their damages.

6. Plaintiffs' claims are barred in whole or in part by their own negligence.

7. Westchester is not liable for the fees, costs, and expenses or other damages sought by plaintiffs in this lawsuit because coverage under the Westchester policy for the *Browne* suit was barred by the known-loss and loss-in-progress doctrines and the following exclusions in the Westchester policy:

> Insurer shall not be liable for Loss under this Coverage Section on account of any Claim:
>
> ***
>
> k. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:
>
> i. any prior or pending litigation or administrative or regulatory proceeding, demand letter or formal or informal governmental investigation or inquiry filed or pending on or before the Continuity Date; or
>
> ii. any fact, circumstance, situation, transaction or event underlying or alleged in such litigation or administrative or regulatory proceeding, demand letter or formal or informal governmental investigation or inquiry;
>
> l. alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving, any Wrongful Act, fact, circumstance or situation which any of the Insureds had knowledge of prior to the Continuity Date where such Insureds had reason to believe at the time that such known Wrongful Act could reasonably be expected to give rise to such Claim;

ANSWER AND AFFIRMATIVE DEFENSES - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

8. Plaintiffs' claims are barred by other terms, conditions, limits, exclusions, and limitations in the Westchester policy.

**WHEREFORE,** for the foregoing reasons, Westchester respectfully requests the following relief:

1. Dismissal of the complaint with prejudice;
2. An award of fees and costs as allowed by law;
3. Such other and further relief as this Court deems appropriate.

DATED this 5th day of November, 2008.

COZEN O'CONNOR

By: /s/ Benjamin J. Stone
    Benjamin J. Stone, WSBA No. 33436
    Megan K. Kirk, WSBA No. 32893
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, Washington 98101
Telephone: 206-340-1000
Facsimile: 206-621-8783

Attorneys for Defendant Westchester Fire Insurance Company

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2008, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tricia S. Boerger, Esq., Attorneys for plaintiff.

ANSWER AND AFFIRMATIVE DEFENSES

DATED this 5th day of November, 2008.

COZEN O'CONNOR


By: /s/ Lisa Heusler, Legal Assistant to
Benjamin J. Stone, WSBA No. 33436
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, Washington 98101
Telephone: 206.340.1000
Facsimile: 206.621.8783
E-mail: lheusler@cozen.com
bstone@cozen.com

ANSWER AND AFFIRMATIVE DEFENSES - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000